# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| REEVA WHITWORTH LINDSAY Surviving Spouse of John Whitworth, Deceased, and JOHN WHITWORTH, JR. Surviving Son of John Whitworth, Deceased, | ) ) ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | No. 4:04CV387 HEA |
| SAFECO INSURANCE COMPANY OF AMERICA and ONEBEACON AMERICA INSURANCE COMPANY, f/k/a HAWKEYE INSURANCE COMPANY, | ) ) ) ) ) ) | |
| Defendants. | ) | |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court on defendant Safeco Insurance Company of America's (Safeco) Motion for Summary Judgment, [# 17] and defendant OneBeacon America Insurance Company, f/k/a/ Hawkeye Insurance Company's Motion for Summary Judgment, [# 22]. Plaintiffs oppose the motions. For the reasons set forth below, the motions are granted.

## Facts and Background

On December 3, 1996, John Whitworth was killed in a motor vehicle accident

while operating an all terrain vehicle that he allegedly agreed to purchase from Guy Westmoreland's Auto Service. Mr. Whitworth was allegedly on his way home from Guy Westmoreland's Auto Service to obtain the purchase money for the ATV when he was killed. Plaintiffs subsequently filed a wrongful death lawsuit against Guy Westmoreland and Bronnie Westmorland d/b/a Guy Westmoreland's Auto Service in the Circuit Court of the City of St. Louis, Missouri. A default judgment was entered against Guy Westmoreland and Bronnie Westmoreland d/b/a Guy Westmoreland's Auto Service in the amount of $3,000,000.00 on October 7, 2002.

Plaintiffs filed a Declaratory Judgment action in the Circuit Court against defendant seeking to recover proceeds from insurance policies issued by defendants from which the default judgment could be collected. Plaintiffs allege that either defendant Safeco or defendant OneBeacon or both had insurance policies in effect on December 3, 1996 for Guy Westmoreland and Bronnie Westmoreland d/b/a Westmoreland's Auto Service that provided coverage for the December 3, 1996 accident.

Safeco issued a policy of insurance, Policy Number 02-CC-275365-3 to "Westmoreland Auto Service" with effective dates from October 10, 1996 to October 10, 1997. The address of the insured premises was originally listed as 6020 N. Broadway. A policy endorsement prepared on October 22, 1996 changed

the address for the premises to 6018 N. Broadway, retroactive to October 10, 1996. The description of the premise found in the Premium Audit Statement--Final for the audit period from 10-10-96 to 10-10-97 delineates the coverage information relative to the policy based on grocery stores gross sales and gasoline stations-self service gallons.

OneBeacon issued Hawkeye-Security Insurance Garage Policy number HDY7-013556/23 and Business Owners Policy number HDX9-012556/38 to Guy Westmoreland. In the Declarations of this policy, the business is listed as "Repair Shop - Major". The ATV was not listed as a Covered Auto under this policy. The Garage Policy Declarations state:

> This policy provides:
>
> This policy provides only those coverages where a charge is shown in the premium column below. Each of these coverages apply only to those "autos" shown as covered "autos." "Autos" are shown as covered "autos" for a particular coverage by the entry of one or more of the symbols from the covered auto section of the Garage coverage form next to the name of the coverage.

This policy further provides that liability coverage for "Covered Autos" is limited to "29" Non-owned 'Autos' Used in your Garage Business and "27-Specifically Described 'Autos.'" Section V of the Garage Policy included the following--Garage Conditions:

2. Duties in the Event of Accident, Claim, Suit or Loss
   a. In the event of "accident", "claim", "suit" or "loss", you must give us or our authorized representative prompt notice of the accident or "loss".

   b. Additionally, you and any other involved "insured" must:

   (2) Immediately send us copies of any request, demand, order, notice, summons or legal paper received concerning the claim or "suit".

3. Legal Action Against Us - No one may bring a legal action against us under this Coverage Form until:
   a. There has been full compliance with all the terms of this Coverage Form.

The OneBeacon policy also provides in Section II -- Liability Coverage:

A. Coverage

"GARAGE OPERATIONS" -- OTHER THAN COVERED "AUTOS"

We will pay all sums an "insured" legally must pay as damages because of "bodily injury" or "property damage" to which this insurance applies caused by an "accident" and resulting from "garage operations" other than the ownership, maintenance or use of covered "autos".

The OneBeacon policy provided in Section VI -- Definitions:

B. "Auto" means a land motor vehicle, trailer or semitrailer.

E. "Garage operations" . . . also include all operations necessary or incidental to a garage business.

Westmoreland Service, Inc. is a Missouri corporation. It owns the properties located at 6018 N. Broadway and 6020 N. Broadway, St. Louis, Missouri 63147. Westmoreland Service, Inc. operated a self-service gasoline/convenience store at 6018 N. Broadway. It leased the building located at 6020 N. Broadway to Guy Westmoreland and Guy Westmoreland's Auto Service. Guy Westmoreland and Guy Westmoreland's Auto Service operated an automobile repair shop at the 6020 N. Broadway location. Guy Westmoreland, Bronnie Westmoreland and Guy Westmoreland's Auto Service have never had any interest in Westmoreland Service, Inc.

The subject ATV was bought for the Westmoreland family farm. It is unknown how long the ATV was at the garage before the accident.

## Summary Judgment Standard

The standards for summary judgment are well settled. In determining whether summary judgment should issue, the Court must view the facts and inferences from the facts in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Woods v. DaimlerChrysler Corp.,* 409 F.3d 984, 990 (8th Cir. 2005). The moving party has the burden to establish both the absence of a genuine issue of material fact and that it is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); *Anderson*

*v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Enter. Bank*, 92 F.3d at 747. Once the moving party has met this burden, the nonmoving party may not rest on the allegations in his pleadings but by affidavit or other evidence must set forth specific facts showing that a genuine issue of material fact exists. Fed.R.Civ.P. 56(e); *Anderson* 477 U.S. at 256; *Krenik v. Le Sueur*, 47 F.3d 953, 957 (8th Cir. 1995). "'Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment.' *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986)." *Hitt v. Harsco Corp.,* 356 F.3d 920, 923 (8th Cir. 2004). An issue of fact is genuine when "a reasonable jury could return a verdict for the nonmoving party" on the question. *Anderson,* 477 U.S. at 248; *Woods v. DaimlerChrysler Corp.,* 409 F.3d at 990. To survive a motion for summary judgment, the "nonmoving party must 'substantiate his allegations with sufficient probative evidence [that] would permit a finding in [his] favor based on more than mere speculation, conjecture, or fantasy.' *Wilson v. Int'l Bus. Machs. Corp.*, 62 F.3d 237, 241 (8th Cir. 1995)(quotation omitted)." *Putman v. Unity Health System*, 348 F.3d 732, 733-34 (8th Cir. 2003). "[A] complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Celotex*, 477 U.S. at 323. The Court will review the facts in this case with the stated

standards in mind.

## Discussion

In interpreting the policies at issue, the Court must adhere to certain rules. "Rules governing the interpretation of insurance policies are well settled." *Shahan v. Shahan,* 988 S.W.2d 529, 535 (Mo. 1999) (en banc). In interpreting an insurance contract, courts "read the contract as a whole and determine the intent of the parties, giving effect to that intent by enforcing the contract as written." *Mo. Employers Mut. Ins. Co. v. Nichols*, 149 S.W.3d 617, 625 (Mo.App. 2004). Language used in an insurance contract is given its plain and ordinary meaning. *Id.; Farmland Indus. Inc. v. Republic Ins. Co.,* 941 S.W.2d 505, 508 (Mo. 1997) (en banc). Plain or ordinary meaning is the meaning that the average layperson would understand, as determined by consulting standard English language dictionaries. *Shahan,* 988 S.W.2d at 535. Where insurance contracts are written in plain and unambiguous terms, the court must enforce the policy according to those terms, *Rice v. Fire Ins. Exch.,* 946 S.W.2d 40, 42 (Mo.App. 1997), and rules of construction are inapplicable. *Mansion Hills Condo. Ass'n v. Am. Family Mut. Ins. Co.,* 62 S.W.3d 633, 637 (Mo.App. 2001). The Court may not distort unambiguous policy language to create an ambiguity. *Am. Motorists Ins. Co. v. Moore,* 970 S.W.2d 876, 878 (Mo.App. 1998) (citing *Krombach v. Mayflower Ins. Co.,* 827 S.W.2d 208, 210

(Mo. 1992) (en banc)). Nor may a court "use its inventive powers to ... rewrite a policy to provide coverage for which the parties never contracted, absent a statute or public policy requiring coverage." *Lang v. Nationwide Mut. Fire Ins. Co.,* 970 S.W.2d 828, 830 (Mo.App. 1998) (citing *Rodriguez v. Gen. Accident Ins. Co.,* 808 S.W.2d 379, 382 (Mo. 1991) (en banc)).

In order to establish coverage under an insurance policy, plaintiffs are required to establish: "(1) issuance and delivery of the policy; (2) payment of the premium; (3) a loss caused by a peril insured against; and (4) notice and proof of loss to the insurer. *Kauble v. MFA Mut. Ins. Co.,* 637 S.W.2d 831, 832-33 (Mo.App.1982)." *Valentine-Radford, Inc. v. American Motorists Ins. Co.* 990 S.W.2d 47, 51 (Mo.App. W.D.,1999); *Missouri Commercial Inv. Co. v. Employers Mut. Cas. Co.,* 680 S.W.2d 397, 400 (Mo.App. E.D. 1984); *Grossman Iron & Steel Co. v. Bituminous Cas. Corp.,* 558 S.W.2d 255, 259 (Mo.App.1977).

Plaintiffs have not satisfied this burden as to either policy.

**Safeco Policy**

The Safeco policy, pursuant to its terms and endorsements, provided coverage for a self-service gasoline station/convenience store. The address insured was 6018 N. Broadway, the location of the Westmoreland Services, Inc.'s self-service gasoline station/convenience store. While plaintiffs attempt to create an

ambiguity by arguing that the name listed on the policy, "Westmoreland Auto Service" is more akin to "Guy Westmoreland's Auto Service" than "Westmoreland Service, Inc.," no such ambiguity exists while construing the policy as a whole; the policy which unambiguously establishes that this policy was for the self-service gasoline station/convenience store located at 6018 N. Broadway, owned and operated by Westmoreland Service, Inc. The intent of the parties to the Safeco policy is clear: the policy was purchased to provide liability coverage for the gasoline station. Plaintiffs' argument fails to overcome their burden of establishing that Safeco issued this policy to Guy Westmoreland's Auto Service; that Guy Westmoreland's Auto Service paid the premiums; or that this accident was the peril for which the policy was purchased. Based on the plain reading of the Safeco policy, Guy Westmoreland's Auto Service was not the insured under the Safeco policy, and accordingly, defendant Safeco is entitled to judgment as a matter of law.

**OneBeacon Policy**

OneBeacon did provide a policy for Guy Westmoreland's Auto Service. The policy provided liability coverage for an auto repair shop, the business in which Guy Westmoreland's Auto Service was engaged at the time of the accident. Plaintiffs admit that the ATV was not a covered auto under this policy, however, plaintiffs attempt to establish coverage through arguing that coverage exists under Section VI

of the policy which affords coverage for "garage operations." Plaintiffs attempt to recover under the policy based on their argument that the sale of the ATV to John Whitworth was "necessary and/or incidental" to Guy Westmoreland's Service's "garage operations." This argument does not establish coverage. The policy at issue clearly and unambiguously provides liability coverage for accidents or losses which arise from the operation of a auto repair shop. The fact that Guy Westmoreland and/or Guy Westmoreland's Auto Service may have also sold automobiles at the same location does not expand the terms of the insurance policy to include all accidents and losses. The sale of automobiles is entirely different from repairing them. The parties to the OneBeacon policy entered into the contract of insurance for the repair shop and accidents and losses which may arise by virtue of engaging in the business of repairing automobiles. The policy in no way sets forth the intent of the parties to also include sales. In entering into the insurance contract, OneBeacon agreed to provide coverage for the garage business and Guy Westmoreland's Auto Service agreed to pay a premium for that coverage. Nowhere in the terms of the policy do the parties agree to insure the business of the sale of automobiles. Such business or practice is separate and distinct from the repair of automobiles and plaintiffs cannot establish that OneBeacon agreed to insure losses which may have occurred from the sale of an automobile in exchange for the

premium that Guy Westmoreland's Auto Service agreed to pay. Coverage for the accident which arose during the alleged sale of the ATV cannot be encompassed within the OneBeacon policy. See *American Economy Ins. Co. v. Otte*, 869 S.W.2d 179 (Mo.App. S.D. 1993). Under the terms of this policy, this was not an occurrence for which coverage is provided. OneBeacon is therefore entitled to summary judgment.

## Conclusion

In interpreting the insurance policies at issue, the unambiguous terms of those policies establish that the accident which resulted in the death of John Whitworth was an event for which neither policy provided coverage. This court is not at liberty to rewrite insurance policies to provide coverage where the terms of the contracts establish that the parties did not agree to insure against this loss. Defendants are, therefore, entitled to judgments as a matter of law.

Accordingly

**IT IS HEREBY ORDERED** that defendant Safeco Insurance Company of America's Motion for Summary Judgment, [# 17], is granted.

**IT IS FURTHER ORDERED** that defendant OneBeacon America Insurance Company's, f/k/a Hawkeye Insurance Company, Motion for Summary Judgment, [# 22] is granted.

A separate judgment in accordance with this Memorandum and Order is entered this same date.

Dated this 15th day of July, 2005.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE